**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| ADAPTIX, INC., <br>    Plaintiff, <br>   v. <br> AT&T MOBILITY LLC, et al., <br>    Defendants. | Civil Action 6:12-cv-017-RWS-CMC |
|   v. <br> PANTECH WIRELESS, INC., et al., <br>    Defendants. | Civil Action 6:12-cv-020-RWS-CMC |
|   v. <br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, et al., <br>    Defendants. | Civil Action 6:12-cv-120-RWS-CMC |

**DEFENDANTS' OPPOSITION TO ADAPTIX'S OBJECTIONS TO
MEMORANDUM OPINION AND ORDER**

Defendants AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, LG Electronics, Inc., LG Electronics U.S.A., Inc., and Pantech Wireless, Inc. (collectively "Defendants") hereby oppose Adaptix, Inc.'s ("Adaptix") Objections to Memorandum Opinion and Order ("Objections"). 6:12-cv-017, Dkt. 344.[1]

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(a), an order may not be modified or set aside unless it is "clearly erroneous or [] contrary to law." Expert reports may not introduce infringement theories not set forth in a party's infringement contentions. *See Tyco Healthcare Group LP v. Applied Med. Res. Corp.*, 2009 U.S. Dist. LEXIS 125379 (E.D. Tex. Mar. 30, 2009) (granting motion to strike theories in expert reports not disclosed in contentions); *Anascape, Ltd. v. Microsoft Corp.*, 2008 U.S. Dist. LEXIS 111917 (E.D. Tex. May 2, 2008) (same). Where the party moving to amend its contentions fails to establish diligence in adding new infringement theories, there is "no need to consider the question of prejudice" and the motion is properly denied on that basis alone. *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006); *see also Adaptix, Inc. v. Apple Inc.*, No. 5:13-cv-1776 (N.D. Cal. Aug. 8, 2014), Dkt. 273 at 5 ("[U]nless the moving party can show diligence, new theories in expert reports cannot stand.").

## ARGUMENT

The Court should deny Adaptix's Objections because Magistrate Judge Craven's March 11, 2015 Order (the "Order") was not clearly erroneous or contrary to law.

### 1. Magistrate Judge Craven's Order striking Adaptix's new infringement theory for lack of diligence was neither "clearly erroneous" nor "contrary to law."

Adaptix, in its Objections, makes no argument that it was diligent in seeking to add its new "Mode 3" infringement theories. Rather, Adaptix argues that Magistrate Judge Craven "erred by striking Caloyannides' expert opinions regarding infringement of the apparatus claims

---

[1] All docket entries refer to the -017 case unless otherwise noted. Similar entries can be found in the dockets for the -20 and -120 cases.

1

without finding that the alleged late disclosure prejudiced Defendants." Obj. at 2.  But Adaptix already conceded this point, representing to the California court at a hearing on the counterpart motion in the California cases that "I think if your honor rules [the Mode 3 apparatus claim theory] out, *that certainly is within your right to do so*.  There should have been a footnote or something more than that in the contentions four or five months ago." *Adaptix*, No. 5:13-cv-1776 (N.D. Cal. Aug. 8, 2014), Dkt. 233-3 (emphasis added).  It is not "clear error" to do what Adaptix admitted in another Court, ruling under the same standard, was not error.

Adaptix also fails to show that Magistrate Judge Craven's order was "contrary to law." Lack of diligence alone is sufficient reason to deny a motion to amend infringement contentions. *See 02 Micro*, 467 F.3d 1355 at 1368; *Adaptix*, No. 5:13-cv-1776 (N.D. Cal. Aug. 8, 2014), Dkt. 273 at 5.  None of the cases cited by Adaptix (Obj. at 2-3) holds otherwise.  Nor do Adaptix's cited cases address facts analogous to those here, where Adaptix failed to disclose the infringement theories in its contentions as required under the Local Patent Rules even though the Court some 11 months earlier had compelled Adaptix to provide "detailed, product-specific information regarding which feature or functionality in each accused [product] is alleged to practice *each limitation of each asserted claim*." Dkt. 154 at 4-5 (emphasis added).

Adaptix argues that "Defendants have long been aware of Adaptix's contention that Mode 3 infringes the '748 and '212 patents." Obj. at 2.  But this statement sweeps far too broadly and misses the point by not addressing the *apparatus* claims at issue here.  Magistrate Judge Craven explained that "Defendants' motion to strike should be granted for the same reasons as the new Mode 3 theories were struck from the Caloyannides report in California." Order at 6.  As the California court noted in its related order, "Adaptix candidly acknowledged at the hearing on this matter that Caloyannides' Mode 3 theories were new." 5:13-cv-1776, Dkt. 273 at 4.  Thus, it is undisputed that Adaptix's infringement contentions failed to accuse Mode 3 for the apparatus claims.  Although the California court did not need to reach the issue of prejudice (having already found lack of diligence), the court further recognized that "it would not

[be] fair to allow Adaptix to [introduce new Mode 3 infringement theories] now through the opinions of Caloyannides." *Id.* at 5.[2]

### 2. Magistrate Judge Craven properly considered the related California ruling.

Adaptix contends that "the Order is clearly erroneous because it placed far too much emphasis on what happened in the related California litigation." Obj. at 3. However, Adaptix ignores the fact that the infringement contentions and motions to strike in the California and Texas cases were substantively identical. *Compare* Dkt. 221 with 5:13-cv-01776-PSG, Dkt. 254. Indeed, the only distinction Adaptix draws is that in the California cases, fact discovery closed before opening expert reports were served, while in the present cases fact discovery remained open for another month after opening expert reports were served. Obj. at 3. But this distinction has no bearing whatsoever on whether Adaptix was diligent or in compliance with the Local Patent Rules, which was properly the focus of the California court's opinion adopted by Magistrate Judge Craven. Moreover, the additional time for fact discovery in the present cases did not cure the prejudice caused by Adaptix's untimely disclosure of new infringement theories because the third-party fact witnesses relevant to non-infringement (*e.g.*, Qualcomm, Ericsson, and Alcatel) had already been deposed. Even assuming, *arguendo*, that they would have been willing to sit for another deposition, there would not have been enough time left in the schedule to complete those depositions and incorporate new information into the rebuttal expert reports.[3]

---

[2] Adaptix's argument that Defendants suffered no prejudice because their experts addressed Adaptix's new theories in their expert reports is also flawed. Defendants' motion to strike was still pending when rebuttal expert reports were due. Rather than incur the risk and potential further prejudice of having no rebuttal opinions for Adaptix's new theories, Defendants' experts attempted to address the new theories notwithstanding the prejudice caused by Adaptix's untimely disclosure.

[3] Defendants' prejudice arguments are set forth in more detail in the underlying briefing. *See* Dkt. 221 at 4 & Dkt. 223 at 2-3 (discussing different claim limitations and explaining that Defendants "would have pursued different discovery had Adaptix timely disclosed its infringement theory").

### 3. Adaptix's "harsh consequences" argument is misplaced.

Adaptix argues that the Order is clearly erroneous because Defendants recently filed a motion for summary judgment that res judicata bars Adaptix's infringement claims. Obj. at 1. Adaptix "doubts that Magistrate Judge Craven intended such drastic consequences" (i.e., claim preclusion), and asks the Court to "state that affirmance of the Order is without prejudice to Adaptix pursuing a claim for infringement of the apparatus claims in a separate action." Obj. at 1-2. Adaptix's argument—which cites no legal authority—is both misplaced and irrelevant.

First, Defendants' preclusion motion relies on the final judgment issued *in California*, not on Magistrate Judge Craven's Order. *See* Dkt. 318 at 12. Moreover, Defendants' res judicata argument is not limited to any subset of claims in the asserted patents; res judicata bars *all of* Adaptix's infringement claims against the carrier Defendants. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (res judicata bars all causes of action that "could have been raised in [the prior] action"). Thus, Magistrate Judge Craven's Order simply has no bearing on Defendants' preclusion motion.

Second, Adaptix's request that the Court issue a ruling permitting Adaptix to assert the apparatus claims against Defendants in a new lawsuit should be rejected as an improper request for an advisory ruling. *Bayou Liberty Assoc., Inc., v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 397 (5th Cir. 2000). Whether res judicata bars a particular cause of action that Adaptix might assert in a hypothetical future case is an issue that must be decided in that future case—not in the present case in the context of a non-dispositive motion to strike.

### 4. Adaptix's judicial efficiency argument fails.

Adaptix also argues that "judicial economy would be better served by allowing Adaptix to proceed with all its infringement claims in the present suits" rather than "forc[ing] Adaptix to file a new case asserting the apparatus claims against Mode 3." Obj. at 4. This misunderstands the purpose of infringement contentions and the doctrines barring claim-splitting and collateral attack on a court order. As to the former, "[p]roper infringement contentions provide a defendant with notice of a plaintiff's infringement theories. This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial." *EON Corp. IP Holdings,*

4

*LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010). Regarding the latter, the common law doctrines prohibiting claim-splitting and collateral attack on a court order would bar Adaptix from pursuing a new lawsuit asserting the same infringement theories that Magistrate Judge Craven struck from the present cases against the same defendants based on the same products. *See, e.g.*, *Orion IP, LLC v. Home Depot USA, Inc.*, 2005 U.S. Dist. LEXIS 45632, at *5 (E.D. Tex. Oct. 7, 2005) (granting motion to dismiss for claim-splitting and finding that "by bringing the Second Action, [plaintiff] Orion is engaging in an impermissible collateral attack on this Court's prior order. . . . While Orion may disagree with the Court's ruling on the timeliness of its contentions, it must seek relief on appeal rather than filing another lawsuit."). Indeed, what Adaptix argues for is the *opposite* of judicial efficiency. What would have been efficient is if Adaptix had disclosed its Mode 3 infringement theories for the apparatus claims in a timely manner consistent with the Local Patent Rules. Adaptix failed to do so and should be held to the consequences of that choice.

## CONCLUSION

For the reasons set forth above, in Defendants' briefing and submissions on the underlying motion to strike (Dkts. 221, 233, and 242), and in Magistrate Judge Craven's Order, Defendants respectfully request that the Court deny Adaptix's Objections.

Dated:  April 15, 2015          Respectfully submitted,

By: */s/  Travis M. Jensen*

James C. Brooks
Michael D. Owens
**Orrick Herrington & Sutcliffe LLP**
777 S Figueroa Street, Suite 3200
Los Angeles, CA  90017-5855
Tel:  (213) 629-2020
Fax: (213) 612-2499

Steven Routh
**Orrick Herrington & Sutcliffe LLP**
Columbia Center
1152 15th Street, NW
Washington, DC  20005-1706
Tel:  (202) 339-8509
Fax: (202) 339-8500

Alex V. Chachkes
**Orrick Herrington & Sutcliffe LLP**
666 Fifth Avenue
New York, NY  10103-0001
Tel: (212) 506-3748
Fax: (212) 506-5151

Travis M. Jensen
**Orrick Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA  94025-1015
Tel:  (650) 614-7400
Fax: (650) 614-7401

*Attorneys for Defendants and Counterclaim-Plaintiffs LG Electronics, Inc., and LG Electronics USA, Inc., and Defendant AT&T Mobility LLC.*

By: */s/ Geoffrey M. Godfrey*

Mark D. Flanagan
Robert M. Galvin
Geoffrey M. Godfrey
Cortney C. Hoecherl
S. Dennis Wang
**Wilmer Cutler Pickering Hale & Dorr LLP**
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
Fax: (650) 858-6100

Michael E. Jones
Patrick C. Clutter, IV
**Potter Minton, a Professional Corporation**
110 N College Avenue, Suite 500
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846

*Attorneys for Defendant and
Counterclaim-Plaintiff Cellco Partnership
d/b/a Verizon Wireless.*


By: */s/ Alan A. Wright*

Alan A. Wright
**HC Park & Associates PLC**
1894 Preston White Drive
Reston, VA 20191
Tel: (703) 288-5105
Fax: (703) 288-5139

Melissa Richards Smith
**Gillam & Smith, LLP**
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendant and
Counterclaim-Plaintiff Pantech Wireless, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email on April 15, 2015.

Dated:  April 15, 2015                                           */s/  Geoffrey M. Godfrey*

                                                                                    Geoffrey M. Godfrey